This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Raymond Anthony Miller, appeals from the judgment of the Lorain County Court of Common Pleas that denied his motion to vacate payment of fines. We affirm.
On August 5, 1998, the Lorain County Grand Jury indicted Defendant on six separate counts: (1) two counts of burglary, in violation of R.C.2911.12(A)(2); (2) two counts of theft, in violation of R.C. 2913.02(A)(1); (3) receiving stolen property, in violation of R.C. 2913.51(A); and (4) having weapons while under a disability, in violation of R.C.2923.13(A)(2). Each charge contained a firearm specification. Defendant entered a guilty plea to all counts. Thereafter, the trial court accepted Defendant's plea and sentenced him accordingly. Defendant subsequently moved to vacate payment of fines; however, the trial court denied this motion. Defendant timely appeals, raising one assignment of error for review.
 ASSIGNMENT OF ERROR "The trial court erroneously denied [Defendant's] motion to vacate mandatory fine [sic.] after finding him indigent[.]"
In his sole assignment of error, Defendant avers that the trial court found him to be indigent and, therefore, erred in denying his motion to vacate mandatory fines. We disagree.
Upon a review of the record, we find that the trial court did not impose mandatory fines. Therefore, we decline to address Defendant's assignment of error, as it is moot. See Deluca v. Aurora (2001),144 Ohio App.3d 501, 508 (stating that courts do not have jurisdiction to decide moot issues).
Defendant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.